IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY PAUL HORSTMAN,                    No. CIV S-08-2602-FCD-CMK-P

        Petitioner,

   vs.                                              FINDINGS AND RECOMMENDATIONS

MIKE EVANS, et al.,

        Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 11) the instant petition as second or successive.

        Petitioner filed his first federal habeas petition challenging his conviction and sentence on April 26, 2006.  On the respondent's motion, the petition was dismissed as untimely.  The instant petition, which challenges the same conviction and sentence, was filed on October 31, 2008.[1]  Petitioner has not obtained leave from the Ninth Circuit Court of Appeal for the filing

---

[1] While petitioner states in the current petition that he is challenging an alleged violation of his plea agreement, "which just occurred on November 9, 2007," he clearly states that the basis of his claim is that his plea bargain was violated "during the sentencing hearing."

1

of a second of successive habeas petition.

Respondents argue that the instant petition must be dismissed as a second or successive petition having been filed without first obtaining leave to do so from the Court of Appeals.[2] Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). Neither the United States Supreme Court nor the Ninth Circuit has decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the merits. The Second Circuit has concluded that such a dismissal is a merits determination. See Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005). While not directly answering the question,

---

[2] Respondents do not argue that the current petition is untimely.

the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005).  Other courts have followed Murray.  See Mullins v. Horel, 2008 WL 3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006).  This court agrees with the Murray conclusion.  In particular, a dismissal without prejudice for lack of exhaustion, which holds open the possibility of a future merits adjudication, is distinguishable from a timeliness dismiss, which is with prejudice to returning to federal court.  Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

In this case, petitioner's prior petition, which was dismissed as untimely, was decided on the merits.  Therefore, the current petition is indeed second or successive.  Because petitioner did not obtain leave from the Ninth Circuit to file this petition, it must be dismissed.

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE