IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY PAUL HORSTMAN,  No. CIV S-08-2602-FCD-CMK-P

    Petitioner,

  vs.  ORDER

MIKE EVANS, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for permission to refile or reinstate his habeas petition, which the court construes as a motion for reconsideration (Doc. 19).

        Petitioner originally filed his petition for writ of habeas corpus on October 31, 2008.  The court issued an order directing respondent to respond to the petition.  In response, the respondent filed a motion to dismiss, claiming the petition was a "second or successive" petition, filed without authorization from the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b).  The court granted respondent's motion, and judgment was entered on July 21, 2009. Petitioner now wishes to revisit that decision based on a recent United States Supreme Court

case, Magwood v. Patterson, 130 S. Ct. 2788 (2010).

   The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

   Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

   Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1 neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been
2 discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct
3 of an opposing party.  A motion for reconsideration on any of these grounds must be brought
4 within a reasonable time and no later than one year of entry of judgment or the order being
5 challenged.  See Fed. R. Civ. P. 60(c)(1).

      In this case, petitioner's request is untimely.  Judgment was entered on July 21, 2009.  Petitioner's request was filed November 10, 2011, more than two years after entry of final judgment.  In addition, petitioner's arguments, even if they were to be considered on the merits, are best raised to the Ninth Circuit Court of Appeals.  As this court previously determined, petitioner was required to obtain permission from the Ninth Circuit prior to filing his second or successive petition.  Even if he believes the petition filed in this action should not have been considered a second or successive petition, that is a determination the Ninth Circuit must make.  Any relief petitioner may have can only be found with the Ninth Circuit Court of Appeals.

      Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration (Doc. 19) is denied as untimely.

Dated: November 17, 2011

                                      FRANK C. DAMRELL, JR.
                                      UNITED STATES DISTRICT JUDGE